EMMA ALBRECHT ET AL., PLAINTIFFS-RESPONDENTS, v. HERBERT L. RAAB, DEFENDANT-APPELLANT.

Argued May 22, 1941—Decided October 20, 1941.

For the appellant, *George F. Lahey, Jr.*

For the respondents, *William George.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from an order made by Judge Ackerson, sitting in the Hudson Circuit, discharging a rule to show cause why a new trial should not be granted in a cause tried before him which resulted in verdicts for the plaintiffs.   The grounds alleged were that the verdicts were contrary to the greater weight of the evidence, were excessive and the result of sympathy, bias, passion or prejudice.   A further rule was allowed to show cause why a new trial should not be granted because of newly discovered evidence.   Both rules were heard and, on the 4th of April, 1941, were discharged.

The case was tried twice but the outcome of the first trial does not appear.   It appears that the defendant was in the automobile business and at one time had in his employ a man named Axelrod who testified that he had given permission to one Rullo to use a car belonging to the defendant, Raab, on the night when this accident admittedly occurred, and when the female plaintiff admittedly was seriously injured

due to the negligence of Rullo. It appears that Rullo was employed in the paint shop and Axelrod was in charge of the sale of used cars. Axelrod testified that he had authorized the use of the car by Rullo because of a prospective sale, and Rullo was to show the car. Rullo did not testify because, it is asserted, he was at the time of the trial in the New Jersey State Hospital at Trenton. Raab denied that Axelrod had any authority to permit Rullo to use the car and asserted that on the day in question Axelrod was not in his, Raab's, employ.

So far as the question of Axelrod's authority is concerned, a close question was presented at the trial. Judge Ackerson, who saw the witnesses and heard them testify, concluded that on the factual questions involved the testimony did not so clearly preponderate on behalf of the defendant as to cause him to grant a new trial. As stated, it was a close question, but only where there is a clear abuse of discretion should this court on appeal set aside such an order, and a review of the testimony does not warrant such conclusion. *Heuser* v. *Rothenberg,* 123 *N. J. L.* 319.

Now, as to the other ground, that of newly discovered evidence.

Judge Ackerson concluded that the testimony did not meet the requirement that reasonable diligence be used to secure it prior to the trial. It seems quite clear that the testimony does not measure up to the requirements adopted by our courts, namely, that such evidence would probably have changed the result of the trial; that it was not obtainable with the exercise of due diligence for use at the trial; and that it is not merely cumulative. *Christie* v. *Petrullo,* 101 *N. J. L.* 492.

The depositions under the rule were of five witnesses. Morton Isaacs, the attorney for the plaintiff immediately following her injury, testified with respect to the agency of Rullo. All that he testified to was known to the defendant as early as 1937, when he discussed the matter with defendant's attorney. The next witness was Abraham Levitan, who represented Rullo at trials following the occurrence. This testimony, too, dealt with the question of Rullo's agency.

These witnesses testified that Rullo's statements were confusing and unreliable; that at one time he asserted that he had authority to use the car and then he would assert that he took the car without anyone's knowledge. The other witnesses, Louis Ascione and two of his employees, Mary A. Bucini and Arthur E. Braun, were examined with respect to the employment by Ascione of Axelrod beginning January 2d, 1938, and the time spent by Axelrod in Ascione's place of business immediately prior to January 2d, 1938.

All of these witnesses were readily available to defendant for each of the trials had. Reasonable diligence would have produced them at the trial. Defendant was certainly aware after one trial, to say the least, of the questions involved. All of this testimony dealt with questions raised at the trial, namely, the authority of Axelrod to give Rullo the use of the defendant's car on the day in question, and whether Axelrod did in fact give Rullo permission to use the car or whether Rullo took it without anyone's permission, as claimed by defendant. At best, however, whatever value their testimony might have would be merely cumulative. It seems clear, therefore, that there was no abuse of discretion in the refusal of the trial judge to grant a new trial on the ground of newly discovered evidence.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, THOMPSON, JJ. 14.

*For reversal*—HEHER, HAGUE, JJ. 2.